## CIRCUIT COURT OF FAIRFAX COUNTY

J. Roger Lindsey

    v.

Robin Olsen, Trustee, et al.

May 13, 1993

Case No. (Chancery) 128433

BY JUDGE GERALD BRUCE LEE

This matter is before the Court on Defendants', Construction Consultants International Corp. ("CCIC"), CCIC-Defined Benefit Plan, H. L. Kornbluh, Trustee, and Robin L. Olsen, Trustee, Motion to Reconsider the Court's ruling on a motion for summary judgment entered on March 15, 1993, and the Opposition filed by the Petitioner, J. Roger Lindsey. The policy of this Court is not to docket or require a response to a request for reconsideration unless the Court is of the opinion the motion requires additional argument or authority. The Court after due consideration of the Motion to Reconsideration and the Opposition filed by the Complainant denies the motion.

Defendants request the Court to reconsider the summary judgment ruling which set aside a foreclosure sale on the grounds that the foreclosure sale was not conducted in accordance with the notice and advertising requirements of §§ 55–59.2 and 55–59.3 of Va. Code Ann. (Repl. Vol. 1990 & Cum. Supp. 1992). CCIC was the beneficiary of a deed of trust encumbering property owned by J. Roger Lindsey. The Trustee, Robin Olsen, advertised a foreclosure sale but incorrectly listed the Lindsey property street address as 11566 *Bowling* Green Court instead of 11566 *Rolling* Green Court. The Court granted Lindsey's motion for partial summary judgment, ruling the foreclosure sale was invalid because the advertisement did not comply with the requirements of the Virginia Code. The Court's ruling as stated from the bench is reaffirmed.

Defendants allege in their Motion to Reconsider that the Court based its ruling *solely* upon the case of *Deep v. Rose*, 234 Va. 631 (1988), and an actual compliance standard. The court is of the opinion that the Court referred to both Va. Code §§ 55–59.2 and 55–59.3, the case of *Deep v. Rose*, and focused upon the mandatory language of § 55–59.3 in support of the granting of summary judgment in this matter. Accordingly, that the *Deep* case was legislatively overruled in 1992 does not materially change the rationale supporting the Court's ruling. Furthermore, CCIC's argument in this case regarding "substantial compliance" with the Code is rejected. The Trustee's advertisement failed to state the correct address of the property and listed the address of a non-existent property seven miles away. The Court finds that a trustee's advertisement of sale in connection with a foreclosure sale that does not list the proper address and lists an address of non-existent property on a different street seven miles away is not "substantial compliance" with the mandatory provisions of § 55–59.3.

Accordingly, for the reasons stated from the bench at the motions hearing and in consideration of the authorities advanced by the Complainant, the motion to reconsider is denied.